UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:22-CV-20864-DPG**

MICHAEL DAVID TAYLOR,

    Plaintiff,

vs.

OFFICER A. KUNCAS,

    Defendant.

_____/

## **DEFENDANT'S ANSWER AND DEFENSES**

Defendant, by and through his undersigned counsel, files his Answer and Defenses to the Complaint, as follows:

1. Defendant admits the subject incident is available on YouTube.

2. Defendant admits the allegations of paragraph 2.

3. Defendant denies the allegations of paragraph 3 (and all subparts).

4. Defendant denies the allegations of paragraph 4 (and all subparts).

5. Defendant denies the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant admits the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant admits the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

77. Defendant denies the allegations of paragraph 77.

78. Defendant denies the allegations of paragraph 78.

79. Defendant denies the allegations of paragraph 79.

80. Defendant denies the allegations of paragraph 80.

81. Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

83. Defendant denies the allegations of paragraph 83.

84. Defendant denies the allegations of paragraph 84.

### Count I – Second Amendment Infringement

85. Defendant denies the allegations of paragraph 85.

### Count II – Fourth Amendment/Malicious Prosecution

86. Defendant denies the allegations of paragraph 86.

### Count III – Fourth Amendment/False Arrest

87. Defendant denies the allegations of paragraph 87.

88. Defendant denies the allegations of paragraph 88.

### Count IV – Fourth Amendment/Unlawful Detention

89. Defendant denies the allegations of paragraph 89.

90. Defendant denies the allegations of paragraph 90.

### Count V – Fourth Amendment/Unlawful Search

91. Defendant denies the allegations of paragraph 90.

### Count VI – Fourth Amendment/Unlawful Seizure

92. Defendant denies the allegations of paragraph 92.

### Count VII – Fourteenth Amendment/Denied Liberty w/o Due Process

93. Defendant denies the allegations of paragraph 93.

94. All allegations not specifically admitted herein above are denied.

### Defenses

95. Defendant is entitled to judgment on all counts since actual probable cause existed for his arrest.  At the time, Plaintiff was openly carrying high-powered weaponry in public

contrary to state law. There was ample probable cause to believe that Plaintiff was not engaged in fishing or going to or returning from a fishing expedition as defined by state law. The common definition of "expedition" (which can be obtained by submitting a Google search of the word "expedition") is "a journey or voyage undertaken by a group of people with a particular purpose, especially that of exploration, scientific research or war." Plaintiff was alone, not engaged in fishing, or going to or coming from an area where he could lawfully fish. Indeed, the area where he proclaimed his intent to fish expressly disallows fishing per posted signs.

96.     Plaintiff was not engaged in fishing or going to or coming from a fishing expedition. Instead, Plaintiff traveled a great distance from his home in Port Saint Lucie bearing a "Don't Tread on Me" flag, and his sole purpose was to harass the citizens/visitors of Bal Harbour, scare them with his weapons, and be a "tester" regarding the laws by virtue of intentionally seeking an encounter with law enforcement.

97.     Even if actual probable cause did not exist for Plaintiff's arrest (a notion which Defendant expressly denies), at a bare minimum arguable probable cause existed for the reasons et forth above in paragraph 95. Defendant asserts qualified immunity and his entitlement to have the subject arrest assessed under the exceedingly lower arguable probable cause standard.

98.     Plaintiff's Due Process claim is misplaced since the Fourth Amendment provides an explicit textual source for the alleged violations at issue.

99.     No violation of the Second Amendment exists since Defendant's arrest comported with the requirements of laws duly passed by the State of Florida and the Town of Bal Harbour.

100.    No evidence exists that Plaintiff's arrest was malicious. In addition, the criminal proceedings did not terminate in Plaintiff's favor within the meaning of malicious prosecution jurisprudence.

101. Any search or confiscation of property was incident to a lawful arrest.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the following document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants. A copy has also been mailed to stoutstoutproselitigation@gmail.com

/s/ *Scott D. Alexander*
Scott D. Alexander, Esq.
Fla. Bar No. 057207
Johnson, Anselmo, Murdoch, Burke, Piper
& Hochman, P.A.
***Attorney for Defendant, Officer A. Kuncas***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: 954 463-0100
Fax: 954 463-2444
alexander@jambg.com; sda-assistant@jambg.com
andrews@jambg.com

## SERVICE LIST

**Michael David Taylor**
*Pro-Se*
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952
stoutstoutstoutproselitigation@gmail.com

---

**Scott D. Alexander, Esq.**
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
***ATTORNEY FOR DEFENDANT, Officer A. Kuncas***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
alexander@jambg.com; sda-assistant@jambg.com; andrews@jambg.com