IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

FILED BY MC D.C.

AUG 29 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MICHAEL DAVID TAYLOR, )
)
Plaintiff, )
)
v. ) Case No. 1:22-cv-20864
)
OFFICER A. KUNCAS, )
)
Defendant. )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

**I.   Reasonable Suspicion to Detain Plaintiff for Open Carry**

"[T]here is no firearm or weapons exception to the Fourth Amendment." *Regalado v. State*, 25 So. 3d 600 - Fla: Dist. Court of Appeals, 4th Dist. 2009. "[S]topping a person solely on the ground that the individual possesses a gun violates the Fourth Amendment." *Regalado v. State*, 25 So. 3d 600 - Fla: Dist. Court of Appeals, 4th Dist. 2009 (no reasonable suspicion to detain suspect for concealed carry after caller reported to police that suspect showed his gun in his waistband to his friends in a restaurant and police saw gun bulge under suspect's clothing). If "no information of suspicious criminal activity was provided to [Officer Kuncas] other than [the Plaintiff's] possession of a gun, the mere possession of a weapon, without more, cannot justify a *Terry* stop." *Regalado v. State*, 25 So. 3d 600 - Fla: Dist. Court of Appeals, 4th Dist. 2009. *See also Mackey v. State*, 124 So. 3d 176 - Fla: Supreme Court 2013 (no reasonable suspicion to detain suspect until suspect in high-crime area lied that he wasn't armed while firearm in plain view in waistband). "In Florida, it is generally not illegal to possess a firearm. See generally ch.

1

790, Fla. Stat. (1997)." *Regalado v. State*, 25 So. 3d 600 - Fla: Dist. Court of Appeals, 4th Dist. 2009. "[Officer Kuncas] had no reasonable suspicion of any criminal activity. The tipster had not reported any illegal activity, and [Officer Kuncas] observed no conduct which would constitute a crime or impending crime." *Regalado v. State*, 25 So. 3d 600 - Fla: Dist. Court of Appeals, 4th Dist. 2009. "[Officer Kuncas] had no reason to believe that the [Plaintiff] was planning or had participated in criminal activity merely based upon his possession of a gun." *Regalado v. State*, 25 So. 3d 600 - Fla: Dist. Court of Appeals, 4th Dist. 2009. "Unnecessary police intervention, by definition, produces the possibility of conflict where none need exist." *Regalado v. State*, 25 So. 3d 600 - Fla: Dist. Court of Appeals, 4th Dist. 2009 (quoting *Commonwealth v. Hawkins*, 547 Pa. 652, 692 A.2d 1068, 1071 (Pa.1997)).

Florida Statute 790.25(3)(h) expressly states that "the provisions of ss. 790.053 (Open carry of weapons) and 790.06 (License to carry concealed firearm) do not apply" to "a person engaged in fishing, camping, or lawful hunting or going to or returning from a fishing, camping, or lawful hunting expedition." Openly carrying a firearm, *alone*, is not reasonable suspicion. The Defendant did not have reasonable suspicion that the Plaintiff was *not* fishing, or that the Plaintiff was a convicted felon, or that the Plaintiff was otherwise prohibited from openly carrying a firearm. *See Williams v. State*, 492 So. 2d 1051 - Fla: Supreme Court 1986 (police observance of firearm bulge on suspect, alone, not reasonable suspicion until suspect admitted he was convicted felon). The Defendant observed the Plaintiff holding a fishing pole, wearing a backpack, and located in one of the most popular fishing destinations in the country, one of the Bal Harbour inlets. The Defendant conceded at least twice in the Plaintiff's Youtube video that the Plaintiff could openly carry while fishing or going to or returning from.

The entire purpose of consensual encounters is to provide the police with an opportunity to investigate and develop reasonable suspicion. Instead of engaging the Plaintiff in a consensual encounter, the Defendant immediately detained the Plaintiff upon contact by stating to the Plaintiff, "You can't go carrying that thing around,"[1] as the Defendant grabbed the Plaintiff's gun. "[I]n determining whether a detention exceeds the outer boundary for a Terry stop, [courts] must consider whether the police diligently pursued a means of investigation likely to confirm or dispel their suspicions quickly." *US v. Acosta*, 363 F. 3d 1141 - Court of Appeals, 11th Circuit 2004. The police are not "permitted to turn a blind eye to exculpatory information that is available to them, and instead support their [detentions] on selected facts they chose to focus upon." *Kingsland v. City of Miami*, 382 F. 3d 1220 - Court of Appeals, 11th Circuit 2004. A reasonable suspicion analysis "must charge [the officer] with possession of all the information reasonably discoverable by an officer acting reasonably under the circumstances. . . . '[A] police officer may not close his or her eyes to facts that would help clarify the circumstances.'" *Kingsland v. City of Miami*, 382 F. 3d 1220 - Court of Appeals, 11th Circuit 2004 (quoting *Sevigny v. Dicksey*, 846 F.2d 953 (4th Cir.1988)). The Plaintiff explained to the Defendant just before the Defendant detained the Plaintiff by grabbing the Plaintiff's gun, "I was going fishing, man." Not only did the Defendant close his eyes to that fact, the Defendant thereafter pursued a means of investigation *not* likely to quickly confirm or dispel the Defendant's suspicion - the Defendant laughed at the Plaintiff in response to the Plaintiff's fishing explanation and reference

---

[1] The defendant did not state to the Plaintiff, "You can't go carrying that thing around *unless* you're fishing, camping, or hunting, or going to or coming from," but, "You can't go carrying that thing around," period, without exception.

3

to Florida Statute 790.25(3)(h) (Lawful ownership, possession, and use of firearms), and asked the Plaintiff, "Who'd you vote for?"[2] Plf's YouTube Video at 00:00:57.

The Defendant admitted that he didn't know what reasonable suspicion even was. Plf's Youtube Video at 00:02:15. Furthermore, the Defendant never investigated whether or not the Plaintiff was fishing, fishing without a license, or otherwise fishing unlawfully, but who the Plaintiff voted for, whether or not the Plaintiff had identification, and whether or not the Defendant could charge the Plaintiff with an unrelated firearm violation. The Defendant, at all times material, knew that the Plaintiff's conduct satisfied the requirements of lawful firearm possession.

The Defendant conceded at least twice that the Plaintiff was lawfully permitted to openly carry while fishing or going to or returning from. The Defendant didn't detain the Plaintiff because the Defendant believed the Defendant had reasonable suspicion the Plaintiff wasn't fishing, but because, according to the Defendant, the Plaintiff was "causing complaints" and the Defendant "has to answer the complaints." Plf's Youtube Video at 00:02:39.

Assuming *arguendo* that the Defendant initially had reasonable suspicion to detain the Plaintiff, the Plaintiff quickly dispelled the Defendant's suspicion. The Plaintiff explained to the Defendant more than once that the Plaintiff was fishing, and after the Defendant explained to the Plaintiff that fishing was not permitted at the time and place in question, the Plaintiff submitted to the Defendant's authority and attempted to immediately leave the area to return to the Plaintiff's previous fishing location. The Defendant turned a blind eye to information dispelling the Defendant's suspicion and instead elected to criminalize the Plaintiff.

---

[2] The Defendant continues his political posturing in his MSJ by emphasizing that the Plaintiff was in possession of a "Gadsden flag," and "parading around with a political flag, seeking to make a political statement, and toting along a fishing pole as a prop in order to claim an entitlement to openly carry guns."

Stout, Stout, & Stout, *Pro Se* Litigation |

The Plaintiff's case is distinguishable from *US v. Lewis*, 674 F. 3d 1298 - Court of Appeals, 11th Circuit 2012 (reasonable suspicion present after suspects in a high-crime area admitted to possessing firearms during a consensual encounter, firearms that were later determined by the police to be lawfully possessed by the suspects). The officers in *Lewis* engaged Lewis in a consensual encounter before developing reasonable suspicion based on the suspects' responses that they were in possession of firearms *and based on the suspects' presence in "a 'high crime area' that is a 'hotbed' of drug and gun activity."* US v. Lewis, 674 F. 3d 1298 - Court of Appeals, 11th Circuit 2012. The *Lewis* court did not rule that possessing a firearm, *alone*, was reasonable suspicion. The Defendant, however, did not engage the Plaintiff in a consensual encounter to investigate whether or not the Plaintiff was in lawful possession, but immediately detained the Plaintiff upon contact. The suspects' responses to the police in *Lewis* were that the suspects had firearms, not that the suspects were also issued concealed carry permits, were fishing, or were otherwise in lawful possession of the firearms. The Plaintiff, however, meticulously explained to the Defendant that the Plaintiff was fishing.

The Plaintiff's case is distinguishable from all other federal and state case-law finding that reasonable suspicion existed under the respective circumstances, for the same reasons the Plaintiff's case is distinguishable from *Lewis*.

## II.   Arguable Probable Cause to Arrest Plaintiff for Open Carry

"[A]rguable probable cause…is 'all that is required for qualified immunity to be applicable to an arresting officer.' *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir.2001). Arguable probable cause exists 'where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[] could have believed that probable cause existed to arrest.' *Id.* (quoting Redd v. City of Enterprise, 140 F.3d 1378, 1382 (11th Cir.1998)

5

Stout, Stout, & Stout, *Pro Se* Litigation |

(internal citations omitted))." *Lee v. Ferraro*, 284 F. 3d 1188 - Court of Appeals, 11th Circuit 2002.

      Whether or not the Defendant possessed reasonable suspicion to detain the Plaintiff for open carry, the Defendant certainly did not possess probable cause to arrest the Plaintiff for open carry. During the Plaintiff's detention, the Plaintiff explained to the Defendant that the Plaintiff was walking from one fishing destination to another, and after the Defendant explained to the Plaintiff that fishing was not permitted at the time and place in question, the Plaintiff submitted to the Defendant's authority and attempted to immediately leave the area to return to the Plaintiff's previous fishing location. The Plaintiff never stated to the Defendant that the Plaintiff was on some quest to engage in constitutional activism, but explained to the Defendant more than once that the Plaintiff was going fishing. "[A] police officer 'is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.' *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir.1997). Nevertheless, an officer may not choose to ignore information that has been offered to him or her." *Kingsland v. City of Miami*, 382 F. 3d 1220 - Court of Appeals, 11th Circuit 2004. A reasonable officer in the same circumstances and possessing the same knowledge as the Defendant could not have believed that probable cause existed to arrest the Plaintiff for open carry.

      The Defendant is now performing definition gymnastics around the word "expedition." The Defendant contends that because the Plaintiff's conduct didn't satisfy the definition of the *Defendant's* artfully selected definition of the word "expedition," that the Defendant had reasonable suspicion and probable cause that the Plaintiff wasn't fishing or was open carrying. According to Merriam-Webster, the definition of "expedition" is "a journey or excursion undertaken for a specific purpose." https://www.merriam-webster.com/dictionary/expedition.

6

Stout, Stout, & Stout, *Pro Se* Litigation |

The Plaintiff's observable and demonstratable purpose was fishing. The Plaintiff strongly requests that this court entirely ignore and dismiss the Defendant's frivolous "expedition" argument.

### III. Arguable Probable Cause to Arrest Plaintiff for Failing to Identify

The Defendant never commanded the Plaintiff to produce the Plaintiff's identification, but only asked the Plaintiff, "Do you have your I.D. on you?" "'There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets.' *United States v. Franklin*, 323 F.3d 1298, 1301 (11th Cir.2003) (quotations omitted)." *US v. Jordan*, 635 F. 3d 1181 - Court of Appeals, 11th Circuit 2011. To compel compliance, "the police must exert a show of authority. *See Terry*, 392 U.S. at 19 n. 16, 88 S.Ct. 1868. The show of authority can be in several forms, such as 'the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.' *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980)." *US v. Baker*, 290 F. 3d 1276 - Court of Appeals, 11th Circuit 2002. The Defendant "did not display a weapon or use any language or tone that would indicate that compliance with the [Defendant's] request was compelled." *US v. Baker*, 290 F. 3d 1276 - Court of Appeals, 11th Circuit 2002. The Plaintiff "was free to decline to answer the [Defendant's] questions." *US v. Baker*, 290 F. 3d 1276 - Court of Appeals, 11th Circuit 2002. The Defendant "did not *direct* the [Plaintiff] to do anything other than to" stay put. *US v. Jordan*, 635 F. 3d 1181 - Court of Appeals, 11th Circuit 2011. (emphasis added).

Furthermore, failing to identify, *alone*, does not satisfy the elements of Florida Statute 843.02 (Resisting officer without violence to his or her person). The Defendant cites *NH v. State*,

Stout, Stout, & Stout, *Pro Se* Litigation |

890 So. 2d 514 - Fla: Dist. Court of Appeals, 3rd Dist. 2005, to support the Defendant's position that failing to identify is probable cause to arrest for resisting. In *NH v. State*, the court ruled that "the totality of N.H.'s conduct toward the police — refusing to identify himself, refusing to sit and thus comport himself so that the officers could investigate and finally physically threatening them" constituted the act of resisting. The *N.H.* court did not rule that refusing to identify, *alone*, constituted the act of resisting, but that after N.H. had already fled from the police, the totality of the circumstances constituted the act of resisting. Interestingly, the very same 3rd District Court of Appeals previously ruled that *none* of N.H.'s conduct constituted the act of resisting before the court overturned its ruling upon a petition for rehearing submitted by the state.

In *Kingsland v. City of Miami*, 382 F. 3d 1220 - Court of Appeals, 11th Circuit 2004, the court relied on the Fourth Circuit's ruling in *Sevigny v. Dicksey*, 846 F.2d 953 (4th Cir.1988). The Fourth Circuit has ruled that refusing to identify does not satisfy the elements of Virginia's obstruction of justice statute. Florida's resisting statute is identical to Virginia's obstruction statute. "Neither Virginia law nor a Spotsylvania County ordinance directly criminalizes a person's refusal to identify themselves to police officers. Such laws, otherwise known as 'stop and identify' statutes, exist in other states. 'The statutes vary from State to State, but all permit an officer to ask or require a suspect to disclose his identity.' *Hiibel*, 542 U.S. at 183." *Stout v. Harris*, Dist. Court, ED Virginia 2022. "Virginia does not have a stop-and-identify statute, and failing to identify does not violate Virginia's obstruction statute, Va. Code Ann. § 18.2-460(A)." *Stout v. Harris*, Dist. Court, ED Virginia 2022. While Florida Statute 901.151 (Stop and frisk law) generally authorizes officers to command individuals who have been lawfully detained to identify themselves, the statute does not criminalize an individual's refusal to identify, does not provide for any penalties for individuals found in violation of the statute, and does not state that

Stout, Stout, & Stout, *Pro Se* Litigation |

refusing to identify shall constitute the act of resisting. Therefore, Florida Statute 901.151 (Stop and frisk law) is not a stop-and-identify statute, but a codified acknowledgment.

According to the transcripts of the taking of the Defendant's deposition, the Plaintiff provided his fishing license to the Defendant immediately upon command after the Defendant arrested the Plaintiff.

Assuming *arguendo* that refusing to identify satisfies the elements of Florida's resisting statute, the statute is facially unconstitutional because the statute criminalizes whoever shall "oppose" an officer. The language "oppose" criminalizes protected speech and expression and the right to remain silent.

### IV. Conclusion

Viewed in a light most favorable to the non-moving party, the Plaintiff, the facts establish that the Defendant did not possess arguable reasonable suspicion to detain or arguable probable cause to arrest the Plaintiff for open carry or for any other firearms offenses, or for resisting. The Plaintiff respectfully requests that this court deny the Defendant's Motion for Summary Judgment and award the Plaintiff one-million dollars.

Submitted,

*/s/ Michael David Taylor*

Michael David Taylor, *Pro Se*
*Plaintiff*
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952
(386) 631-0569
stoutstoutstoutproselitigation@gmail.com

8/30/22
Date

10

Stout, Stout, & Stout, *Pro Se* Litigation |

## **CERTIFICATE OF SERVICE**

The Plaintiff hereby certifies that on August 21, 2022, the Plaintiff emailed a copy of this document to defense counsel at:

> Scott D. Alexander, Esq.
> Fla. Bar No. 057207
> Johnson, Anselmo, Murdoch, Burke, Piper
> & Hochman, P.A.
> Attorney for Defendant, Officer A. Kuncas
> 2455 East Sunrise Boulevard, Suite 1000
> Fort Lauderdale, Florida 33304
> Tel: 954 463-0100
> Fax: 954 463-2444
> alexander@jambg.com; sda-assistant@jambg.com
> andrews@jambg.com

Submitted,

_____
Michael David Taylor, *Pro Se*
*Plaintiff*
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952
(386) 631-0569
stoutstoutstoutproselitigation@gmail.com

Date

Stout, Stout, & Stout, *Pro Se* Litigation |

## **GHOSTWRITING CERTIFICATE**

      I hereby swear under penalty of perjury that no attorney assisted me in the preparation of this document.

Submitted,

_____                                               8/21/2022
Michael David Taylor, *Pro Se*                                   Date
*Plaintiff*
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952
(386) 631-0569
stoutstoutstoutproselitigation@gmail.com

Stout, Stout, & Stout, *Pro Se* Litigation |



SHIP TO:
MIAMI FL 33

U.S.M.S.
INSPECTED

Michael David Taylor, Pro Se
Plaintiff
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952

Clerk (Civil)
United States District Court
Southern District of Florida
Miami Division
400 N Miami Ave
Miami, FL 33128