UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:22-CV-20864-DPG**

MICHAEL DAVID TAYLOR,

    Plaintiff,

vs.

OFFICER A. KUNCAS,

    Defendant.
_____/

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Defendant, ANDREW KUNCAS, by and through his undersigned counsel, files his Reply Memorandum in Support of his Motion for Summary Judgment, as follows:

**A. KUNCAS' STATEMENT OF MATERIAL FACTS IS UNREFUTED.**

Following briefing as required by Local Rule 56.1(c), *S.D.Fla.R.*, Defendant's Statement of Material Facts should be deemed uncontroverted. That means, for summary judgment purposes, Officer Kuncas was dispatched following a 911 call regarding Plaintiff openly carrying high-powered weapons, associated with mass shootings. Plaintiff was not fishing, hunting or camping, nor did he appear to be going to or coming from a fishing, camping or lawful hunting expedition. Instead, he was parading around with a political flag, open guns and utilizing a fishing pole as a prop seemingly to try to avoid the application of Florida's open carry prohibition. It is further undisputed that each area Plaintiff identified as his intended fishing destination was marked with signs prohibiting fishing.

As to his actions when asked to identify himself, it is undisputed that Plaintiff refused. While Plaintiff's legal memorandum, unsupported by admissible evidence, advances that Plaintiff

did not refuse to identify himself or that he could do so because he deemed the encounter consensual, the unrefuted Declaration of Andrew Kuncas establishes otherwise, as does Plaintiff's Complaint. (D.E. 1-1, ¶¶30-33, 46)(falsely denying possession of identification, and refusing to provide his name). Plaintiff had been detained at the time he refused to identify himself, and this had advanced beyond a consensual encounter.

**B. PLAINTIFF'S RESPONSE MEMORANDUM FAILS TO DEMONSTRATE THAT KUNCAS IS NOT ENTITLED TO QUALIFIED IMMUNITY ON THE OPEN CARRY STATUTORY VIOLATION.**

As previously argued, now that KUNCAS has invoked qualified immunity, it becomes the Plaintiff's burden to show that qualified immunity does not apply. *Terrell v. Smith*, 668 F.3d 1244, 1250 (11th Cir. 2012). Plaintiff's Response Memorandum fails to do so.

First, Plaintiff has not cited to any caselaw that has not set forth any case law which, in factual terms, has staked out a bright line that one may open carry firearms contrary to Florida law simply because he carries a fishing pole and professes an intent to fish. *Post v. City of Ft. Lauderdale*, 7. F.3d 1552, 1557 (11th Cir. 1993)("If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant."). Instead, Plaintiff appears to refer to general rules or abstract rights, or assertions of the application of an exception that would not have been apparent to every reasonable officer under these circumstances.

Moreover, Plaintiff has not shown, in the absence of case law, that arresting him for openly carrying weapons would fall within the narrower categories where qualified immunity might be denied. In *Corbitt v. Vickers*, 929 F.3d 1304, 1312 (11th Cir. 2019), the Eleventh Circuit noted that to deny qualified immunity in the absence of clear case law, "the plaintiff must be able to show that a broader, clearly established principle should control the 'novel facts' of a particular situation." Citing, *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005). "[T]he

principle must be established with obvious clarity by the case law so that every objectively reasonable government official facing the circumstances would know that the officials' conduct did violate federal law when the official acted." Citing, *Loftus v. Clark-Moore*, 690 F.3d 1200, 1205 (11th Cir. 2012). Plaintiff has also failed to demonstrate that KUNCAS' arrest for violating a state statute prohibiting the open carry of weapons "fits within the exception of conduct which so obviously violates [the] constitution that prior case law is unnecessary." *Corbitt,* 929 F.3d at 1312. Indeed, even Plaintiff concedes that fishing was prohibited where and when he professed his intent to fish that day, and that even if it were not, KUNCAS could have reasonably interpreted the phrase "fishing expedition" found within the statute as requiring Plaintiff to be in the company of others:

> **Q.     All right. So Officer Kuncas could have reasonably determined that when he saw you, you were not going to or returning from a fishing expedition, don't you agree?**
>
> **Q.     It – it was reasonable for him to conclude that you were not going to or returning from a fishing expedition, right?**
>
> A.     From the – from the group of people? Yes. I could see that. But.

DE. 18-2, p. 58. While Plaintiff conveniently refers to Defendant's summary judgment argument as "gymnastics," his sworn testimony was that even he could understand why KUNCAS would not interpret the statutory exception he invoked as permitting a person alone, not actively engaged in fishing, as falling within the statutory exception. To be certain, even the assigned prosecutor deemed the statute as in need of a "legislative fix" in light of people, such as Plaintiff, seeking to stretch the exceptions to extremes clearly not intended by the legislature.

Plaintiff also takes issue with KUNCAS allegedly not investigating whether the Plaintiff was fishing that day. Plaintiff seemingly contends that just having a fishing pole on his person

(along side his arsenal) and expressing an intent to fish alone so clearly establishes the statutory exception. These purported self-serving facts, urged now and even if urged at the time of arrest, do not suffice. Although an officer must conduct a "reasonable investigation" to establish probable cause, the burden is still on the plaintiff to show that the investigation was unreasonable. *Washington v. Rivera*, 939 F.3d 1239, 1245 (11th Cir. 2019). A mere failure to discover facts does not prevent an officer from having probable cause, or arguable probable cause. *Id.* at 1248. Importantly, an officer is not required to explore and eliminate every potential statutory exception, or plausible claim of innocence.

Here, that Plaintiff was marching with a political flag and violating an open carry law provided probable cause, or at a minimum arguable probable cause. Plaintiff cannot argue in good faith that every reasonable officer in KUNCAS' position would have found that probable cause was negated by the presence of a fishing pole and a professed intent to fish. Not every reasonable officer would have invariably concluded that Plaintiff was on a "fishing expedition" when he was alone with a fishing police, where the common definition of "expedition" requires a group of people.

Plaintiff has fallen woefully short of carrying his burden to show that qualified immunity does not apply. A reasonable officer could – and likely would – determine that Plaintiff violated Florida Statute §790.053 which makes it "unlawful for any person to openly carry on or about his person any firearm…" To the extent a potential exception to this statute applied, that would have been the job of his criminal defense attorney to advance in the criminal prosecution, but not the obligation of KUNCAS to conclusively determine on scene, particularly in light of Plaintiff's evasiveness and clear intent to be making a political statement over engaging in a solo fishing expedition (if such a thing exists).

### C. PLAINTIFF HAS SIMILARLY FAILED TO SHOW THAT KUNCAS IS NOT ENTITLED TO QUALIFIED IMMUNITY ON THE §843.02 ASPECT OF HIS ARREST.

In addition to violating the open carry statute, Plaintiff also failed to identify himself to Officer KUNCAS, despite being asked to do so, when KUNCAS had detained Plaintiff and was seeking to investigate such matters as Plaintiff's fishing license, and proper ownership and right to possess the weapons he was openly carrying. Plaintiff characterizes his colloquy with KUNCAS as a consensual encounter, but it clearly was not. Plaintiff had been detained and, in fact, was told that he was detained. *Complaint, ¶18, 44-45*.

Since this was clearly a detention, and Plaintiff's freedom of movement had been restrained, the sole question remaining is whether a reasonable officer could have believed that Plaintiff's continued obstinance when asked to identify himself could be a violation of §843.02, *Fla. Stat.* Plaintiff counters that he could lawfully refuse to identify himself during a *Terry* stop because the authority cited by Defendant does not clearly state that refusal to identify *alone* violates the law. Again, as set forth above, Plaintiff's argument of parsing through details of a case to that extent is not one that would sustain his burden of showing that qualified immunity should not apply. A reasonable reading of *NH v. State*, 890 So.2d 514 (Fla. 3d DCA 2005) would support that the law requires one to identify himself upon demand of a law enforcement officer when stopped based upon reasonable suspicion. That a case exists in Virginia called *Sevigny v. Dicksey* which might hold otherwise is truly of no consequence, whatsoever, to a qualified immunity determination of a Florida law enforcement officer, and therefore need not even be addressed in reply. *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011)(in assessing qualified immunity, the trial court must limit its review to precedent binding on the official, meaning only

cases of the U.S. Supreme Court, Eleventh Circuit and the highest court of the state under which the claim arose); *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1184 (11th Cir. 2009).  KUNCAS could not reasonably be charged with following statutes or cases in Virginia, where he does not work as a law enforcement officer. *Id.*

Since probable cause and arguable probable cause both existed for Plaintiff's arrest, and no disputed issue of fact exist (the encounter was captured on video), Defendant, KUNCAS, respectfully requests the entry of judgment in his favor based upon his clear entitlement to qualified immunity.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties.  I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the following document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.   This response was also emailed to stoutsstoutsproselitigation@gmail.com

/s/ *Scott D. Alexander*
Scott D. Alexander, Esq.
Fla. Bar No. 057207
Johnson, Anselmo, Murdoch, Burke, Piper
& Hochman, P.A.
***Attorney for Defendant, Officer A. Kuncas***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: 954 463-0100
Fax: 954 463-2444
alexander@jambg.com; sda-assistant@jambg.com
andrews@jambg.com

## SERVICE LIST

**Michael David Taylor**
*Pro-Se*
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952
stoutstoutstoutproselitigation@gmail.com

---

**Scott D. Alexander, Esq.**
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
***ATTORNEY FOR DEFENDANT, Officer A. Kuncas***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
alexander@jambg.com; sda-assistant@jambg.com; andrews@jambg.com