UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:22-CV-20864-DPG**

MICHAEL DAVID TAYLOR,

    Plaintiff,

vs.

OFFICER A. KUNCAS,

    Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF
STATE ATTORNEY'S DECISION AGAINST PROSECUTION**

Defendant, OFFICER ANDREW KUNCAS, by and through his undersigned counsel, moves for the entry of an Order in Limine precluding introduction of evidence at trial of the State Attorney's decision not to prosecute, and states in support as follows:

1. Plaintiff filed suit against Officer Andrew Kuncas, a Bal Harbour law enforcement officer, alleging various constitutional violations that all boil down to whether his arrest was supported by probable cause and/or arguable probable cause (due to Kuncas' assertion of qualified immunity).

2. During his deposition and in the Complaint, Plaintiff has noted that the State Attorney's Office (SAO) did not pursue charges against him for this arrest. In reality, the SAO's decision *in no way* questioned Kuncas' probable cause for the arrest, but instead was based upon the SAO supervisor's belief that the statute was confusing and in need of a "legislative fix." The SAO did *no*t interpret Florida Statute §790.25(h) as Plaintiff does, which is permitting one unfettered discretion to openly carry weapons so long as professing to fish. D.E. 18-3, p. 28.

3. Whether to what extent someone is charged and prosecuted through trial is not

relevant to a probable cause (or arguable probable cause) analysis. Defendant fears that Plaintiff will seek to mislead the jury into believing that the SAO's declination constituted a legally binding comment on whether probable cause to arrest existed, a wholly untrue notion. No evidence exists in this record that the SAO declined to prosecute due to a perception that Plaintiff should not have been arrested. Even if it did, the individual subjective determination by a prosecutor plays no role in the function of this court or jury in making is assessment of probable cause, arguable or actual. The SAO decision is hearsay, and is irrelevant and moreover unduly prejudicial, and should not come before the jury in this action.

4. **Local Rule Certification:** Plaintiff does not agree with the relief sought herein.

WHEREFORE, Defendant moves in limine, and seeks to exclude evidence of the disposition of criminal charges.

## MEMORANDUM OF LAW

**A. EVIDENCE AS TO THE DISPOSITION OF CRIMINAL CHARGES SHOULD BE EXCLUDED AS IRRELEVANT, UNDULY PREJUDICIAL AND ON HEARSAY GROUNDS.**

Probable cause exists if the facts and circumstances are sufficient to warrant a reasonably prudent officer in believing that the suspect has committed or was committing an offense. State v. Cutten, 206 So.2d 392 (Fla. 1968). When the material facts are not in dispute, the existence of probable cause is purely a question of law. City of Jacksonville v. Alexander, 487 So.2d 1144 (Fla. 1st DCA 1986); City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979); Florida Game & Freshwater Comm'n v. Dockery, 676 So.2d 471 (Fla. 1st DCA 1996).

Probable cause is not to be equated with the standard of conclusiveness needed to convict based upon circumstantial facts. Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974). The Eleventh Circuit has noted that in determining whether probable cause exists, "we deal with probabilities .

. . [which] are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Rankin v. Evans, 133 F. 3d 1425, 1435 (11th Cir. 1998) (citations omitted); Durruthy v. Pastor, 351 F.3d 1080 (11th Cir. 2003).  Indeed, probable cause is "judged not with clinical detachment but with a common sense view to the realities of normal life." Id. at 1436; see also, Lemus v. State, 158 So.2d 143 (Fla. 2d DCA 1963) (an officer need not eliminate all possible defenses in order to make a valid arrest because facts constituting probable cause need not meet the standard of conclusiveness needed to convict).  Importantly, as it relates to the issues here, probable cause is judged objectively *from the standpoint of an officer on scene*, and *does not consider any facts or information occurring or learned later* (such as a prosecutor's or jury's decision on potential guilt), not known to the officer at the time of arrest. United States v. Chanthasouxat, 342 F.3d 1271 (11th Cir. 2003); Ornelas v. United States, 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996); Hopkins v. City of Huntsville, 2014 U.S. Dist. LEXIS 153511, 50 (N.D. Ala. Oct. 29, 2014).

Courts throughout the country have uniformly held that the disposition of charges, and even whether criminal charges were filed in the first instance, is irrelevant to the issue of whether probable cause existed or excessive force was used.  See, e.g., Payton v. Fike, 2010 U.S. Dist. LEXIS 110685, 2010 WL 4065601 at *3 (N.D. Ind. 2010); Redmond v. City of Chicago, 2008 U.S. Dist. LEXIS 14550, 2008 WL 539164 at *6 (N.D. Ill. 2008);  Borunda v. Richmond, 885 F.2d 1384 (9th Cir. 1988)("evidence of an acquittal is not generally admissible since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'"); Adams v. Szcerbinski, 329 Fed. Appx. 19, 23 (7th Cir. 2009); U.S. v. Gambino, 818 F.Supp. 536, 539 (E.D.N.Y. 1993)("evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior

proceeding failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime") quoting, U.S. v. Kerley, 643 F.2d 299, 300-01 (5th Cir. 1981)); Maples v. Vollmer, 2013 U.S. Dist. LEXIS 55067 (D.N.M. 2013); Dunlap v. Fields, 2000 U.S. App. LEXIS 14498 at *5 (6th Cir. 2000); Windham v. City of Fairhope, 2014 U.S. Dist. LEXIS 66692 at *27 (S.D. Ala. 2014)("a veritable tsunami of authority has held that a jury's finding of not guilty of criminal charges cannot be deemed a conclusive determination that the underlying arrest lacked probable cause."); Allen v. City of New York, 480 F. Supp. 2d 689, 711 (S.D.N.Y. 2007)(the eventual disposition of a criminal charge is irrelevant to the probable cause determination for false arrest); Ahern v. City of Syracuse, 411 F. Supp. 2d 132 (N.D.N.Y 2006)(the probable cause inquiry is an objective one and the subjective beliefs or motivations of the arresting officer are irrelevant. In fact, the eventual disposition of the criminal charges is irrelevant to the probable cause determination).

The Eleventh Circuit remains in accord with the District and Circuit courts throughout the nation. In U.S. v. Howard, 373 Fed. Appx. 21 (11th Cir. 2010), the Eleventh Circuit followed the reasoning applied by the former Fifth Circuit in U.S. v. Kerley. In affirming the disposition of a Motion in Limine in a criminal action, and the convictions themselves, the court held that evidence of prior acquittals, even if possibly relevant, are properly excluded from subsequent proceedings because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury under Rule 403, Fed.R.Evid. **See also, Foltz v. City of Largo, FL, 2011 U.S. Dist. LEXIS 100602 (M.D. Fla. 2011)(fact that charges against civil plaintiff were *nolle prosequi* is irrelevant to section 1983 excessive force claim);** Wright v. Kelly, 1998 U.S. Dist. LEXIS 20424 (W.D.N.Y. 1998)(in civil false arrest and excessive force

action, judgments of acquittal are **inadmissible hearsay** and excluded because the probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury).

In accordance with Federal Rules of Evidence 401, 403 and 801, the dropping of charges must be excluded from evidence in this case since it is irrelevant, unduly prejudicial and misleading, and inadmissible hearsay.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the following document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

/s/ *Scott D. Alexander*
Scott D. Alexander, Esq.
Fla. Bar No. 057207
Johnson, Anselmo, Murdoch, Burke, Piper
& Hochman, P.A.
***Attorney for Defendant, Officer A. Kuncas***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: 954 463-0100
Fax: 954 463-2444
alexander@jambg.com; sda-assistant@jambg.com
andrews@jambg.com

## SERVICE LIST

**Michael David Taylor**
*Pro-Se*
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952
stoutstoutstoutproselitigation@gmail.com

---

**Scott D. Alexander, Esq.**
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
***ATTORNEY FOR DEFENDANT, Officer A. Kuncas***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
alexander@jambg.com; sda-assistant@jambg.com; andrews@jambg.com