UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20864-DPG

**MICHAEL DAVID TAYLOR**,

    Plaintiff,

v.

**OFFICER A. KUNCAS**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Officer A. Kuncas' ("Officer Kuncas") Motion for Summary Judgment (the "Motion"), [ECF No. 18]. *Pro se* Plaintiff Michael David Taylor ("Plaintiff") responded in opposition to the motion; however, Plaintiff failed to file a responsive Statement of Material Facts pursuant to Local Rule 56.1. The Court has considered the Motion, the record, and the applicable law. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Officer Kuncas is a law enforcement officer with the Village of Bal Harbour Police Department in Miami-Dade County. [ECF No. 18-1 ¶ 1]. On January 11, 2021, while on duty working patrol, he was dispatched following a 911 call from a citizen advising that a man was walking on a bridge within Bal Harbour carrying a flag and a shotgun. *Id.* ¶ 2. Officer Kuncas and a sergeant responded to the Haulover Bridge in the 10200 block of Collins Avenue where Officer Kuncas saw Plaintiff who fit the description provided by the 911 caller. *Id.* Officer Kuncas observed Plaintiff walking on the east side of the bridge, carrying a large yellow Gadsden flag ("Don't Tread on Me") and a fishing pole. *Id.* ¶ 3. Plaintiff had a tan/black AR-15 rifle slung across

1

his chest and a Glock pistol in a holster on his hip. *Id.* Officer Kuncas stopped and approached Plaintiff to conduct a threat assessment and to ascertain whether the weapons were real. *Id.* ¶ 4. He asked Plaintiff why he was walking on the bridge carrying the weapons. Plaintiff responded that he was authorized to carry the weapons pursuant to Florida Statute § 790.25(3)(h)[1]. *Id.*

Officer Kuncas believed that Plaintiff was making a political statement by openly carrying high-powered weaponry. *Id.* ¶ 5. Officer Kuncas did not observe Plaintiff fishing, hunting, or camping; nor did Plaintiff appear to be going to or coming from a fishing, camping, or lawful hunting expedition.[2] *Id.* ¶¶ 5, 8. Specifically, (1) Plaintiff was alone and not with others; (2) Plaintiff resided in Port St. Lucie, more than 100 miles from Bal Harbour; (3) there were numerous other places for Plaintiff to fish, camp, or hunt between Port St. Lucie and Bal Harbour; (4) Plaintiff was alone and carrying a flag with a political message; and (5) the bridge area was marked with "No Fishing" signs. *Id.* ¶¶ 5–6. When Officer Kuncas asked Plaintiff to identify himself or present his fishing license, Plaintiff refused—prohibiting Officer Kuncas' efforts to determine if Plaintiff had a legal basis to possess a firearm or open carry an AR-15 in an area with many Bal Harbour residents and tourists. *Id.* ¶ 7.

Officer Kuncas later learned that Plaintiff is an open-carry advocate that earns income from a YouTube page and social media where he posts videos of himself openly carrying weapons and encountering law enforcement officers. *Id.* ¶ 12. Plaintiff seeks out interactions with law enforcement officers so he can film them and rile up his open-carry followers. *Id.* In the instant matter, Plaintiff subsequently posted his interaction with Officer Kuncas on his YouTube page.

---

[1] The subsection creates an exception to the prohibition of openly carrying firearms for "person[s] engaged in fishing, camping, or lawful hunting or going to or returning from a fishing, camping, or lawful hunting expedition."
[2] Plaintiff had no bucket, bait, fishing knife, net, etc…, all of which are commonly used by fisherman that frequented the area when fishing was permitted at the location in question. [ECF No. 18-1 ¶¶ 5, 8].

*Id.*; [ECF No. 1-1 ¶ 1]. Officer Kuncas now seeks summary judgment as to each of the counts in the complaint.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of her burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted). A fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (citation omitted).

"Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016) (citation omitted), *vacated on other grounds*, 2016 WL 11503064, at *1 (11th Cir. May 31, 2016). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014) (per curiam). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a

showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). Furthermore, conclusory allegations will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (citation omitted).

The nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). Where, as here, the nonmoving party does not file a statement of material facts nor "sufficiently challenge any purportedly material fact asserted by the movant that the opponent contends is genuinely in dispute," L.R. 56.1(a)(2), the Court may deem "all of the facts set forth in [the movant's] statement of facts to be admitted." *BMU, Inc. v. Cumulus Media, Inc.*, 366 F. App'x 47, 49 (11th Cir. 2010). Accordingly, summary judgment may be granted "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(3).

## DISCUSSION

Officer Kuncas argues two bases for summary judgment: (1) he had probable cause to arrest Plaintiff for violating Florida's open carry laws; and (2) qualified immunity shields him from liability in the instant cause of action.

### I.   Probable Cause

"Under federal law, probable cause to arrest exists when an arrest is objectively reasonable based on the totality of the circumstances." *Durruthy v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003) (citing, *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (quotations omitted). "This standard is met when the facts and circumstances within the officer's

knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (emphasis omitted). The Court finds that the standard for probable cause has been met in the instant action because Officer Kuncas reasonably believed that Plaintiff was actively violating Florida's open carry laws.

"Except as otherwise provided by law and [for purposes of self-defense], it is unlawful for any person to openly carry on or about his or her person any firearm or electric weapon or device." FLA. STAT. § 790.053(1) (2022). However, the provisions of § 790.053 do not apply to "[a] person engaged in fishing, camping, or lawful hunting or going to or returning from a fishing, camping, or lawful hunting expedition." FLA. STAT. § 790.25(3)(h) (2022). Officer Kuncas had no reasonable basis to believe that Plaintiff was fishing; nor was it apparent that Plaintiff was going to or coming from a fishing expedition. [ECF No. 18-1 ¶ 8]. Rather, Plaintiff was seemingly making a political statement—parading his political flag and brandishing his fishing pole and weapon as props. *Id.* Prior to his arrest, Plaintiff also refused to identify himself to Officer Kuncas or present his fishing license, impeding the officer's investigation. *Id.* ¶ 7; *see also* FLA. STAT. § 790.06(1) (2022) ("The licensee must carry the license, together with valid identification, at all times in which the licensee is in actual possession of a concealed weapon or firearm and must display both the license and proper identification upon demand by a law enforcement officer."). Plaintiff's conduct is not of the sort covered as an exception under § 790.25(3)(h). Therefore, the Court finds that Officer Kuncas had reasonable suspicion to detain Plaintiff and probable cause to subsequently arrest him.

## II. Qualified Immunity

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hardway v. Dickerson*, 735 F. App'x 1003, 1005 (11th Cir. 2018) (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). "To receive qualified immunity, the government official must show that he was acting within the scope of his discretionary authority at the time the incident occurred." *Id.* (citing *Durruthy*, 351 F.3d at 1087). Neither party disputes that Officer Kuncas was acting within the scope of his discretionary authority when he arrested Plaintiff. [ECF No. 18-1 ¶¶ 1–4, 7.]. Therefore, the burden shifts to Plaintiff to show that qualified immunity is inappropriate. *Hardway*, 735 F. App'x at 1005. To prove that Defendant is not entitled to qualified immunity, Plaintiff must show: "(1) the officer[] violated a constitutional right and (2) that right was 'clearly established.'" *Id.* (citing *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)).

To rebut qualified immunity, Plaintiff argues that Officer Kuncas lacked: (1) reasonable suspicion to detain him, and (2) probable cause to arrest him. [ECF No. 21 at 5–9]. However, as noted above, the Court finds that Officer Kuncas had both reasonable suspicion to detain Plaintiff and probable cause to arrest him. Offering no other arguments, Plaintiff fails to articulate a clearly established constitutional right that Officer Kuncas violated. As Plaintiff fails to meet his burden, the Court finds that qualified immunity is applicable in this instance, thereby shielding Officer Kuncas from liability in the instant action.

## CONCLUSION

Based on the foregoing, the Court finds that Officer Kuncas is entitled to summary judgment in his favor as to each of Plaintiff's claims. Accordingly, it is **ORDERED AND**

**ADJUDGED** that Defendant's Motion for Summary Judgment, [ECF No. 18], is **GRANTED**. Final Judgment will be entered under separate order. This case is **CLOSED**. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of February, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE