Case 1:22-cv-20864-DPG   Document 36   Entered on FLSD Docket 03/07/2023   Page 1 of 10

FILED BY \_\_\_scn\_\_\_ D.C.

Mar 7, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Fort Pierce

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

MICHAEL DAVID TAYLOR, )
)
      Plaintiff, )
)
v. )   Case No. 1:22-CV-20864-DPG
)
OFFICER A. KUNCAS, )
)
      Defendant. )
_____)

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
IN RESPONSE TO DEFENDANT'S MSJ STATEMENT OF MATERIAL FACTS**

1. UNDISPUTED: The set of material facts in this case are the subject of a 00:16:00 YouTube video uploaded to the Plaintiff's YouTube channel. The YouTube video's URL is: https://youtu.be/7fHk5GDoy-4.

2. UNDISPUTED: On April 3, 2020, State of Florida Executive Order 20-91 went into effect. Governor Ron DeSantis ordered that "all persons in Florida shall limit their movements and personal interactions outside of their home to only those necessary to obtain or provide essential services or conduct essential activities." State of Florida, Executive Order Number 20-91, Section 1(B).

   2.1. UNDISPUTED: "For purposes of this Order and the conduct it limits, 'essential activities' means and encompasses the following: Participating in recreational activities ( consistent with social distancing guidelines) such as walking, biking, hiking, *fishing*, hunting, running, or swimming." State of Florida, Executive Order Number 20-91, Section 3(A)(ii). (emphasis added).

2.2. UNDISPUTED: The Plaintiff must emphasize that "[f]or purposes of this Order and the conduct it limits, 'essential services' means and encompasses the list detailed by the U.S. Department of Homeland Security in its Guidance on the Essential Critical Infrastructure Workforce, v. 2 (March 28, 2020) (attached) and any subsequent lists published." State of Florida, Executive Order Number 20-91, Section 2(A).

2.3. UNDISPUTED: The Plaintiff must also emphasize that "[e]ssential services also include those businesses and activities designated by Executive Order 20-89 and its attachment which consists of a list propounded by *Miami-Dade County* in multiple orders." State of Florida, Executive Order Number 20-91, Section 2(B). (emphasis added).

3. DISPUTED: On January 11, 2021, the Plaintiff was walking south on the Haulover Bridge Overpass towards the Plaintiff's fishing destination located at the inlet near the bridge underpass.

4. DISPUTED: The Plaintiff was observably wearing fishing attire, a fishing backpack containing a tackle box and other fishing gear, and holding a fishing pole in the Plaintiff's left hand.

5. UNDISPUTED: The Plaintiff was holding a camera in his right hand.

6. UNDISPUTED: The Plaintiff was also openly carrying two firearms, an AR-15 rifle slung across the Plaintiff's chest (barrel facing the ground) and a Glock 23 handgun holstered on the Plaintiff's hip.

7. UNDISPUTED: The Defendant approached the Plaintiff on foot and asked the Plaintiff, "What type of gun is that," and "Is that for real," and stated to the Plaintiff, "You can't go carrying that [AR-15] around."

8. UNDISPUTED: The Plaintiff responded to the Defendant, "I was going fishing, man."

9. DISPUTED: The Defendant reached towards the Plaintiff and began stroking the Plaintiff's AR-15 and AR-15 magazine as the Defendant asked the Plaintiff, "With this [AR-15]," and "Is it loaded," and as the Plaintiff vocally objected to the Defendant, "Whoa, whoa, whoa, my Fourth Amendment right!" The Defendant replied to the Plaintiff, "Yeah, yeah, yeah." (At this point, the Defendant restricted the Plaintiff's freedom of movement by exercising a physical show of force on the Plaintiff and the Plaintiff's firearm, thereby detaining the Plaintiff or denying the Plaintiff the Plaintiff's right to liberty without affording the Plaintiff due process).

10. UNDISPUTED: The Plaintiff responded to the Defendant, "I don't consent to any of this. I'm going fishing. Look up [Florida Statute] 790.25(3)(h)."

11. UNDISPUTED: The Defendant replied to the Plaintiff, "Who'd you vote for?"

12. UNDISPUTED: The Plaintiff responded to the Defendant, "It's not about who I voted for, man. While I'm engaged in fishing, hunting, and camping, I'm allowed to do this."

13. UNDISPUTED: The Defendant replied to the Plaintiff, "Don't you think you're going to get people really excited about you carrying weapons around?"

14. UNDISPUTED: The Plaintiff responded to the Defendant, "This is my constitutional right."

15. UNDISPUTED: The Defendant replied to the Plaintiff as the Plaintiff took two steps away from the Defendant, "Stay over here." Plaintiff's YouTube Video at 00:01:25.

16. UNDISPUTED: The Plaintiff responded to the Defendant, "While you're engaged in fishing, hunting, or camping-"

17. UNDISPUTED: The Defendant replied to the Plaintiff, "Let's talk about fishing first. There's no fishing on the jetty and there's no fishing under the bridge."

18. UNDISPUTED: The Plaintiff responded to the Defendant, "You can't fish over here?"

19. The Defendant replied to the Plaintiff, "No, you can't," as Sgt. John Doe also replied to the Plaintiff, "No, no."

20. UNDISPUTED: The Plaintiff responded to the Defendant, "There's people fishing right now."

21. UNDISPUTED: The Defendant replied to the Plaintiff, "No, there's no one fishing right now."

22. UNDISPUTED: The Plaintiff responded to the Defendant, "Oh, yeah, they are."

23. UNDISPUTED: The Defendant replied to the Plaintiff, "No, they aren't."

24. UNDISPUTED: The Plaintiff responded to the Defendant, "I just saw!"

25. UNDISPUTED: The Defendant replied to the Plaintiff, "I was just there."

26. UNDISPUTED: The Plaintiff responded to the Defendant, "Well, then, I'm going to walk away."

27. UNDISPUTED: The Defendant replied to the Plaintiff, "Do you have I.D.?"

28. UNDISPUTED: The Plaintiff responded to the Defendant, "No."

29. UNDISPUTED: The Defendant replied to the Plaintiff, "Why not?"

30. UNDISPUTED: The Plaintiff responded to the Defendant, "Because I'm not doing anything unlawful."

31. UNDISPUTED: The Defendant replied to the Plaintiff, "How do I know you have a right to carry these weapons if you don't have your identification?"

32. UNDISPUTED: The Plaintiff responded to the Defendant, "901.151."

33. UNDISPUTED: The Defendant replied to the Plaintiff, "I don't know what that is."

34. UNDISPUTED: The Plaintiff responded to the Defendant, "You don't know what 901.151 is?" The Plaintiff explained to the Defendant that 901.151 was Florida's "Stop and Frisk Law," implying to the Defendant that the Defendant did not have reasonable suspicion to force the Plaintiff to identify to the Defendant.

35. UNDISPUTED: The Defendant replied to the Plaintiff, "I didn't frisk you."

36. UNDISPUTED: The Plaintiff responded to the Defendant, "Not yet. You were about to."

37. UNDISPUTED: The Defendant replied to the Plaintiff, "Well, I was going to drop the [Plaintiff's AR-15] magazine."

38. DISPUTED: As the Plaintiff turned to speak to Sgt. John Doe the Defendant stated to the Plaintiff, "Now, wait a second, we're talking a second here." The Defendant's statement proves that the Defendant further restricted the Plaintiff's freedom of movement with a command, thereby further detaining the Plaintiff or further denying the Plaintiff liberty without due process.

39. UNDISPUTED: The Plaintiff responded to the Defendant, "I don't want to talk to you."

40. UNDISPUTED: The Defendant replied to the Plaintiff, "You're causing complaints."

41. UNDISPUTED: The Plaintiff responded to the Defendant, "Am I being detained?"

42. UNDISPUTED: The Defendant replied to the Plaintiff, "Yes, yes you are. You do have to identify yourself."

43. UNDISPUTED: The Plaintiff responded to the Defendant, "No I don't."

44. UNDISPUTED: The Defendant replied to the Plaintiff, "Yes, you do."

45. UNDISPUTED: The Plaintiff responded to the Defendant, "Under what law?"

46. UNDISPUTED: The Defendant replied to the Plaintiff, "Public order."

47. UNDISPUTED: The Plaintiff responded to the Defendant, "No."

48. UNDISPUTED: The Defendant replied to the Plaintiff, "Yes."

49. UNDISPUTED: The Plaintiff responded to the Defendant, "Get your state attorney on the phone." The Plaintiff further responded to the Defendant, "I am telling you right now what I am doing is lawful."

50. UNDISPUTED: Sgt. John Doe stated to the Plaintiff, "Right now, you're not coming from fishing because there is no fishing here."

51. UNDISPUTED: The Plaintiff responded to Sgt. John Doe, "It's going to and returning from, sir."

52. UNDISPUTED: Sgt. John Doe replied to the Plaintiff, "Where were you fishing from?"

53. UNDISPUTED: The Plaintiff responded to Sgt. John Doe, "I was *going* fishing."

54. UNDISPUTED: Sgt. John Doe replied to the Plaintiff, "Going where? What's your location?"

55. UNDISPUTED: The Plaintiff responded to Sgt. John Doe, "to the inlet."

56. UNDISPUTED: Sgt. John Doe replied to the Plaintiff, "You can't fish over there."

57. UNDISPUTED: The Plaintiff responded to Sgt. John Doe, "I can't fish where the people are fishing right now on that inlet?"

58. UNDISPUTED: The Defendant stated to the Plaintiff, "The other side, maybe, not on our side."

59. UNDISPUTED: The Plaintiff responded to the Defendant, "Well, then, guess what? I'm turning around and I'm going to go back to fishing." The Defendant was previously fishing at a different location.

60. UNDISPUTED: The Defendant replied to the Plaintiff, "How did you get here?"

61. UNDISPUTED: The Plaintiff responded to the Defendant, "I walked."

62. UNDISPUTED: The Defendant replied to the Plaintiff, "From where?"

63. UNDISPUTED: The Plaintiff responded to the Defendant, "Does it matter?"

64. UNDISPUTED: The Defendant replied to the Plaintiff, "Yeah, I'm asking you where you live."

65. UNDISPUTED: The Plaintiff responded to the Defendant, "No, it doesn't matter." The Plaintiff further responded to the Defendant, "I can walk to and from fishing, hunting, and camping."

66. UNDISPUTED: The Defendant replied to the Plaintiff, "Ok, that's true."

67. UNDISPUTED: The Plaintiff responded to the Defendant, "I saw people fishing on this side of the inlet," as the Plaintiff pointed to the Plaintiff's nearby intended fishing destination.

68. UNDISPUTED: The Defendant replied to the Plaintiff, "You're causing complaints and you're scaring people."

69. UNDISPUTED: The Defendant commanded the Plaintiff to "turn around."

70. DISPUTED: The Plaintiff immediately complied with the Defendant's command.

71. UNDISPUTED: The Defendant handcuffed the Plaintiff's hands behind the Plaintiff's back. The Defendant thereby arrested the Plaintiff for openly carrying a firearm and for refusing to identify, charging the Plaintiff with violating, respectively, Florida Statutes

790.053 (Open carrying of weapons) and 843.02 (Resisting officer without violence to his or her person).

72. DISPUTED: The Defendant forced the Plaintiff to spread his legs, pulled the Plaintiff's pockets inside out, frantically grabbed random fistfuls of the Plaintiff's clothing at a time, forcefully clutched and manipulated the Plaintiff's genitals and crotch through the Plaintiff's clothing, dug his hands deep and hard into the crevice of the Plaintiff's arse through the Plaintiff's clothing, forced the Plaintiff to open his mouth and lift his tongue for satisfactory visual inspection by the Defendant, and forced the Plaintiff to stand barefoot on the piping hot asphalt and cement.

73. DISPUTED: The Defendant unzipped the Plaintiff's backpack, flipped the Plaintiff's backpack upside down, and carelessly dropped out all of the backpack's contents onto the street and onto the hood of a police vehicle. The Defendant rifled through the Plaintiff's backpack, separating seams and inspecting stitching. The Defendant turned the Plaintiff's backpack inside out. The Defendant violently shook out the Plaintiff's emptied and inside out backpack.

74. DISPUTED: The Defendant seized all of the Plaintiff's personal items and effects.

75. UNDISPUTED: Sgt. John Doe commanded the Plaintiff to produce the Plaintiff's fishing license to Sgt. John Doe. The Plaintiff informed Sgt. John Doe that the Plaintiff's digital fishing license was retrievable from the Plaintiff's phone.

76. UNDISPUTED: Sgt. John Doe retrieved the Plaintiff's fishing license from the Plaintiff's phone.

77. DISPUTED: The Plaintiff complained to all of the officers present, including the Defendant, that the Plaintiff's shoulder was experiencing sharp and severe pain as a result of the Plaintiff's handcuffed position.

78. UNDISPUTED: Paramedics arrived to treat the Plaintiff.

79. UNDISPUTED: The Plaintiff was booked into the local jail for twenty-four hours until the Plaintiff was released on a $1,500 bond.

80. DISPUTED: Upon the Plaintiff's release from jail on January 11, 2021, the Plaintiff retrieved his seized property from the police department.

81. UNDISPUTED: On May 10, 2021, the prosecutor dismissed both charges against the Plaintiff.

Date: 03/03/2023

Submitted,

Michael David Taylor, *Pro Se*
*Plaintiff*
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952
(386) 631-0569
stoutstoutstoutproselitigation@gmail.com

## GHOSTWRITING CERTIFICATE

I swear and affirm under penalty of perjury that I did not receive assistance from an attorney in the preparation of this document.

Date: 03/03/2023

Submitted,

Michael David Taylor, *Pro Se*
*Plaintiff*
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952
(386) 631-0569
stoutstoutstoutproselitigation@gmail.com