UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:22-CV-20864-DPG**

MICHAEL DAVID TAYLOR,

    Plaintiff,

vs.

OFFICER A. KUNCAS,

    Defendant.
_____/

**DEFENDANT, ANDREW KUNCAS'S RESPONSE TO
PLAINTIFF'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT**

Defendant, ANDREW KUNCHAS, by and through his undersigned counsel, files this Response to Plaintiff's Rule 60 Motion for Relief from Judgment, and states:

Plaintiff has moved this Court under Rule 60, *Fed.R.Civ.P.* to vacate its Order Granting Summary Judgment and Final Judgment, apparently asserting that it was entered based upon Plaintiff's mistake, inadvertence or excusable neglect under subsection (b)(1). The motion refers to Plaintiff's procedural failure to comply with Local Rule 56.1, *S.D.Fla.L.R.* when responding to the Defendant's Motion for Summary Judgment.

Plaintiff's Motion should not be well-taken by this Court for a number of reasons. First, Defendant pointed out Plaintiff's failure to comply with Local Rule 56.1 in his Reply Memorandum dated August 30, 2022, over six (6) months ago. (DE 22). If Plaintiff had a well-founded concern that summary judgment may be granted based upon his neglect to comply with the Local Rules, it was incumbent upon him to address this issue while summary judgment briefing was still open (or close thereto), through a motion to amend or supplement his response. Such a motion at this juncture is untimely and should be rejected.

Second, in reviewing Plaintiff's proposed Response Statement of Facts attached to his motion, he asserts that virtually all of Defendant's Statement paragraphs are "UNDISPUTED." Even the few marked as "DISPUTED" fail to oppose any material fact that might alter the outcome.

Third, while the Court noted in its Order Granting Summary Judgment (DE 33) that it was vested with discretion to accept facts as true by virtue of a deficient Response, the Order as a whole strongly indicates that both actual and arguable probable cause to arrest would have been found even under Plaintiff's version of events. Officer Kuncas could have reasonably concluded that Plaintiff was endeavoring to make a political statement rather than going to or coming from a fishing "expedition" even under Plaintiff's best case version of events, particularly where it remains undisputed that the bridge was marked with "No Fishing" signs. (DE 33, p. 2).

Finally, Plaintiff claims that a video of events of record suffices to create an issue of fact. While, certainly, Defendant does not believe the video of these events are harmful to his position, he disputes that it is part of the summary judgment record, and consequently Plaintiff's request to consider same at this juncture must be rejected.

Plaintiff's Rule 60 Motion should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of March, 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the following document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

/s/ *Scott D. Alexander*
Scott D. Alexander, Esq.
Fla. Bar No. 057207
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
***Attorney for Defendant, Officer A. Kuncas***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: 954 463-0100
Fax: 954 463-2444
alexander@jambg.com; cintron@jambg.com
andrews@jambg.com

## SERVICE LIST

**Michael David Taylor**
*Pro-Se*
1558 Southeast Royal Green Circle, R203
Port Saint Lucie, FL 34952
stoutstoutstoutproselitigation@gmail.com

---

**Scott D. Alexander, Esq.**
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
***ATTORNEY FOR DEFENDANT, Officer A. Kuncas***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
alexander@jambg.com; sda-assistant@jambg.com; andrews@jambg.com